UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUNE and JOHN KUTZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 05-CV-0321-CVE-SAJ |
| | ) | |
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court sua sponte pursuant to defendant's Notice of Removal (Dkt. # 2) filed June 9, 2005. Plaintiffs originally brought this action in the District Court for Tulsa County in the State of Oklahoma on February 24, 2005. Plaintiffs alleged in their original petition that defendant wrongfully refused to compensate them under the terms of an insurance policy issued to plaintiffs by State Farm, thereby breaching its contract with plaintiffs and its duty of good faith and fair dealing owed by insurers to their insureds under Oklahoma law. Plaintiffs requested damages in excess of $10,000, as mandated by Oklahoma pleading rules.[1] Defendant removed to federal court on the basis of diversity jurisdiction.

---

[1] In Oklahoma, the general rules of pleading require that:

"[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2)

A civil action brought in state court may be removed to federal court if the federal court has original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). Subject matter jurisdiction is established, generally, either by the presence of a federal question, 28 U.S.C. §1331, or diverse parties, 28 U.S.C. §1332. For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000, and there must be complete diversity in the citizenship of the parties. 28 U.S.C. § 1332(a).

Before exercising jurisdiction, this Court must be satisfied that the requirements for jurisdiction have been met. "Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995). This Court may consider sua sponte the question of its jurisdiction and has a duty to deny jurisdiction if it finds the requirements have not been met. Laughlin, 50 F.3d at 873.

Plaintiffs' original petition requests damages in excess of $10,000, "plus interest, costs, attorney's fees, and such other relief as the Court may deem proper, such as punitive damages." (Dkt. #2), Ex. 1, State Court Petition. Defendant appended to its notice of removal plaintiffs' responses to the defendant's requests for admissions, which state:

> Request for Admission No. 1: Admit that the Plaintiffs will not seek in excess of $75,000 in total damages from this Defendant as to any or all causes of action pled.
>
> Response: Denied. Plaintiffs seek an amount in excess of $10,000. Plaintiffs want whatever the jury wants to award. Including punitive damages for any bad faith finding, that amount might be more than $75,000, it might not be.
>
> Request for Admission No. 2: Admit that the Plaintiffs have not suffered damages in excess of $75,000 under one or the entirety of all Plaintiffs' claims.

2

> Response: Denied. Plaintiffs seek an amount in excess of $10,000. Plaintiffs want whatever the jury wants to award. Including punitive damages for any bad faith finding, that amount might be more than $75,000, it might not be.

(Dkt. #2), Ex. 3, Plaintiff's Responses to Defendant's First Set of Discovery Requests. The defendant relies upon the plaintiffs' denials in asserting federal diversity jurisdiction. The Court must determine whether these responses, without more, suffice to satisfy the amount in controversy requirement.

The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000, as follows:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin, 50 F.3d at 873 (citations omitted) (emphasis in original). "Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Id.

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of their belief that there is more than $75,000 at issue in the case. The removing defendants bear the burden of establishing federal court jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873; see also Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (holding that the

3

jurisdictional allegation is determined as of the time of the filing of the notice of removal). The rationale of Laughlin contemplates that the removing party will perform an economic analysis of the alleged damages supported by underlying facts to establish the jurisdictional amount. Id.

In Johnson v. Wal-Mart Stores, Inc., 953 F.Supp. 351 (N.D. Okla. 1995), the district court considered whether a plaintiff's denial of the defendant's request for admission satisfied Laughlin. The Johnson plaintiff filed his original complaint in Oklahoma state court requesting damages in excess of $10,000, pursuant to state pleading rules. The defendant in Johnson submitted to the plaintiff requests for admission nearly identical to those in the present case. Specifically, the defendant asked that plaintiff admit that "the amount in controversy in this action, including all claims for damages made by Plaintiff, does not exceed the sum or value of $50,000[2] exclusive of interest and costs." Id. at 353. Plaintiff responded: "[T]he exact value of this claim can not be determined at this time therefore, Defendant's request for admission is denied." Id. The court held that the plaintiff's statement alone did not "affirmatively establish that the amount in controversy exceeds $50,000 for the purposes of diversity jurisdiction." Id.; see also Barber v. Albertson's, Inc., 935 F.Supp. 1188, 1191 (N.D. Okla. 1996) (holding that plaintiff's refusal to admit that he sought less than the required jurisdictional amount did not, without more, establish that the amount in controversy requirement was met for diversity jurisdiction).

---

[2] When Johnson was decided, the required amount in controversy for diversity jurisdiction purposes was $50,000. Congress increased the requirement to $75,000 in 1996. Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, §205, 110 Stat. 3847 (1996).

In light of this clear precedent,[3] plaintiffs' denials, standing alone, are insufficient to establish that the amount in controversy requirement has been satisfied for the purposes of diversity jurisdiction. Moreover, defendant has not included in its notice of removal additional facts underlying its assertion of jurisdiction, as required by <u>Laughlin</u>. The Court finds, therefore, that defendant has failed to prove that more than $75,000 is at issue in this case. As a result, this Court has no subject matter jurisdiction over the plaintiffs' claims and must remand the case to state court for resolution. 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS THEREFORE ORDERED** that the Court Clerk **remand this case to the District Court in and for Tulsa County, State of Oklahoma.**

**DATED** this 24th day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Court notes that defendant's reference to Local Civil Rule 81.3(a)(2) in its notice of removal has highlighted a disjunction between certain provisions of the local rule governing removal and <u>Laughlin</u> and its progeny. In order to bring the local rules into line with the law of this circuit, a general order has been issued amending Local Civil Rule 83.1. Gen. Ord. 05-12, June 22, 2005. Defendant is advised that this Opinion and Order is issued without prejudice to defendant's future ability to file a proper notice of removal within the statutory time period.